407 F.2d 173
 JAPAN LINE, LTD., Kawasaki Kisen Kaisha, Ltd., Mitsui O. S. K. Lines, Ltd., Nippon Yusen Kaisha, Ltd., Yamashita-Shinnihon Steamship Company, Ltd., and Maritime Company of the Philippines, Petitioners,
v.
SABRE SHIPPING CORPORATION, Respondent.
 No. 153.
 Docket 32566.
 United States Court of Appeals Second Circuit.
 Argued November 7, 1968.
 Decided January 14, 1969.
 Certiorari Denied May 26, 1969.
 
 See 89 S.Ct. 1774.
 Philip A. Ryan, Washington, D. C. (Jiro Murase, Gregor F. Gregorich and Baker & McKenzie, New York City, on the brief), for petitioners, Japan Line, Ltd., Kawasaki Kisen Kaisha, Ltd., Mitsui O. S. K. Lines, Ltd., Nippon Yusen Kaisha, Ltd., and Yamashita-Shinnihon Steamship Company, Ltd.
 Peter J. Gartland, New York City (A. Vernon Carnahan and Donovan, Leisure, Newton & Irvine, New York City, on the brief), for petitioner Maritime Co. of the Philippines.
 Victor S. Friedman, New York City (Leon Silverman, Linda R. Blumkin and Strasser, Spiegelberg, Fried & Frank, New York City, on the brief), for respondent.
 John P. Meade, Washington, D. C. (Leonard G. James, Washington, D. C., F. Conger Fawcett, San Francisco, Cal., and Graham & James, Washington, D. C., on the brief), for Pacific Coast European Conference, amicus curiae.
 Before MEDINA, WATERMAN and MOORE, Circuit Judges.
 MEDINA, Circuit Judge:
 
 
 1
 There is before us a petition for a writ of certiorari, in a civil anti-trust case, to review the interlocutory rulings of Judge Ryan, in the Southern District of New York, denying applications for a stay and for other relief. In the exercise of our discretion we deny the petition, without reaching the merits. See Rule 21 of the Federal Rules of Appellate Procedure. An application for certification under 28 U.S.C., Section 1292(b) was denied by Judge Ryan.
 
 
 2
 This is an action pursuant to the provisions of Section 4 of the Clayton Act, 15 U.S.C., Section 15, and Sections 1 and 2 of the Sherman Act, 15 U.S.C., Sections 1, 2. The complaint requests a recovery of $49,000,000 in damages, attorneys' fees and injunctive relief. Petitioners, defendants in the action, are members of the Japan Atlantic & Gulf Conference and the New York Freight Bureau (Hong Kong) Conference. Plaintiff Sabre Shipping Corporation is an independent. The gist of the anti-trust charge is that prior to 1962 petitioners and other defendants did most of the business of shipping goods in the Hong Kong-United States and Japan-United States trade and commerce, but that plaintiff was a substantial competitor. Thereafter, and as part of an alleged conspiracy, petitioners and others reduced their rates "to an unreasonably low level below the cost of transporting the commodities" and put Sabre out of business, after which the old rates were restored.
 
 
 3
 Proceedings before the Maritime Commission on Sabre's complaint were begun by order of the Commission on December 10, 1962, on the charge that the rates above referred to were "so unreasonably high or low as to be detrimental to the commerce of the United States," in violation of Section 18(b) (5) of the Shipping Act, 46 U.S.C., Section 817 (b) (5). There were seemingly interminable delays. The present anti-trust case was commenced on October 29, 1966. Finally, the Examiner sustained Sabre's allegations of unreasonably low rates and Judge Ryan commented that the situation was so absurd "that some rates to Atlantic ports from Hong Kong were less than those to the West Coast."
 
 
 4
 Nevertheless, on November 3, 1967, the Commission held the issue had become moot and ordered the proceeding discontinued insofar as it related to the matters under discussion here. The Commission stated "some useful purpose must be served before the Commission will undertake to examine a carrier's now-defunct rate structure." Sabre's petition to the Commission for reconsideration was denied on January 19, 1968.
 
 
 5
 In denying the writ in the exercise of our discretion we have taken into consideration all the facts and circumstances set forth in the voluminous papers submitted by petitioners and respondent. We are also mindful of the delays that have already occurred and Judge Ryan's statement that "the time has come for plaintiff to have its day in court on the merits." This is no by-passing of the Commission which has already dismissed the proceeding before it, insofar as it concerns the issues in this case, as moot, thus eliminating any use of the expertise of the Commission. An opportunity to exercise its primary jurisdiction has been availed of and rejected by the Commission. The only effect of our granting the writ would be further to postpone the day of reckoning for perhaps another several years until a new proceeding before the Commission finally reached the stage at which the Commission could decide that it meant what it said when it held on November 3, 1967 that the issues were moot because the rates under attack had long since been discontinued. In thus exercising our discretion we do not think we violate any of the principles outlined in United States Navigation Co. v. Cunard S. S. Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932); Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952); Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 86 S.Ct. 781, 15 L.Ed. 2d 709 (1966) and the other cases relied upon by petitioners.
 
 
 6
 The various questions of statutory construction and interpretation were well within Judge Ryan's competency to decide and thus we are faced with no more than another effort to induce us to take cognizance of an interlocutory appeal of which we have no jurisdiction.
 
 
 7
 We hold that 28 U.S.C., Section 1292(b) does not supplant the All Writs Act. It is our view that in a proper case the mere denial by a District Judge of an application for certification under 28 U.S.C., Section 1292(b) does not preclude our consideration of a petition for any of the traditional writs. See D'Ippolito v. Cities Service Company, 374 F.2d 643 (2d Cir. 1967).
 
 
 8
 The various miscellaneous alleged erroneous rulings by Judge Ryan in his opinion below may be reviewed on an appeal from a final judgment in this case, as in others.
 
 
 9
 Petition for writ of certiorari denied.
 
 MOORE, Circuit Judge (concurring):
 
 10
 Would that the issues were as simple as plaintiff (respondent herein), Judge Ryan, and the majority would have them. Briefly summarized, these defendants (petitioners herein) combined and conspired to put plaintiff out of the shipping business by reducing their rates below cost until plaintiff was forced to leave the trade and then, after plaintiff had been eliminated, restored their preexisting profitable rates. Were this all there is to the situation, a better case of unprincipled conduct could not be pleaded. But legal problems are rarely so simple — and are not so here.
 
 
 11
 The only question before us is whether an interlocutory review of the primary jurisdiction issue should be entertained at this stage of the litigation. Although benefits may often accrue to a complicated litigation by a decision on points of law which might remove many issues from, and thus materially shorten, the controversy, there must be reasonable assurance that such a benefit would result from an interlocutory review.
 
 
 12
 Petitioners argue, in effect, that the Commission has primary jurisdiction to decide whether their rates set by agreement were set so unreasonably low as to be illegal and that such a determination by the Commission is vital to a decision that they are beyond the immunity of the antitrust laws extended by Section 15.
 
 
 13
 Respondent replies that it is not a question of sending the problem to the Commission and (by stay) awaiting their answer but that "the principal issue now before the District Court has already been considered at length by the very agency [the Commission] to which defendants now seek a reference of this case" (Respt's Br. p. 16).
 
 
 14
 This court is in no position at this time to pass on the merits, procedurally or substantively, of the prior proceedings before the Commission. An investigation was apparently commenced before the Commission in December 1962 (Docket 1083), a decision rendered by a hearing examiner in April 1967, and a report of the Commission issued in November 1967. Petitioners claim that "the Commission found that the rate reductions effected by the Freight Bureau (1) were based upon a decision `to meet competition'; (2) were intended to take into account rebates being paid to shippers by non-conference carriers; and (3) were never, in fact, lower than, and indeed approached only the lowest published rates for, independent carriers. Having made these findings, the Commission concluded that little purpose would be served by deciding this aspect of its investigation on the merits and, hence, dismissed the Section 18(b) (5) inquiry on the grounds of mootness." Petitioners will be able to urge these findings for whatever legal effect they may have in future proceedings (Pet. p. 7). Subsequent thereto, respondent sought an order from the Court of Appeals (D.C. Cir.) remanding the case to the Commission "for a decision as to whether the rates in question violated Section 18(b) (5) of the Shipping Act." Because of the pendency of this antitrust action, respondent indicated that a decision by the Commission would be helpful in that action. The petitioners here have intervened in the D.C. Circuit proceeding. No decision has as yet been rendered therein.
 
 
 15
 It is difficult to perceive how a stay of this litigation would "materially advance the ultimate termination of the litigation." The effect of the previous proceedings and the decision of the Commission can be argued upon the trial. If immunity from the antitrust laws results, this can be so declared by the trial court. If further declarations from the Commission are to be forthcoming as a consequence of such decision as may be rendered by the Court of Appeals (D.C. Cir.) in the proceeding now before it, the effect thereof on antitrust immunity can be urged upon the trial.
 
 
 16
 By being denied an interlocutory appeal at this time, petitioners lose none of their rights to raise all relevant questions upon the ultimate appeal, including their primary jurisdiction points. They do lose a present declaration from us of antitrust immunity but the record not yet made is scarcely sufficient for such a premature pronouncement one way or the other. Accordingly, I would deny the petition.